## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**RACHEL R. GRAHAM,**

> **Plaintiff,**

**v.**                                            **Case No: 5:21-cv-364-BJD-PRL**

**JOHN/JANE DOE, ANTHONY MIMS, RON JOHNSON and CHRIS HACKER,**

> **Defendants.**

_____

### ORDER

Plaintiff, Rachel Graham, who is proceeding *pro se*, filed this action against the Defendants, including various John and Jane Does, Anthony Mims, Ron Johnson and Chris Hacker. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Plaintiff has also filed an Amended Complaint (Doc. 7) and various motions, including a motion for additional time to obtain legal counsel (Doc. 4), motions to add additional defendants (Docs. 5 & 8), motions for preliminary hearing and hearing (Docs. 6 & 10), motion to appoint counsel (Doc. 9), and motion for extension of time to proceed with the case (Doc. 11). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement.

### I.     Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is

immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

Plaintiff's amended complaint (Doc. 7) consists of three pages of handwritten allegations pertaining to an interaction with her ex-husband, Anthony Mims, near a laundry mat. As an initial matter, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Most importantly, Plaintiff has failed to allege any facts to support her claim. Although Plaintiff is proceeding pro se, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Based on the very cursory allegations, Plaintiff states that she feels she is in imminent danger of harm by her ex-husband, Mims, whom she claims has a history of having individuals follow her and spray toxic chemicals to harm her. (Doc. 7). While Plaintiff alludes to a civil rights claim, she fails to allege any facts to support such a claim.

To maintain an action under § 1983, Plaintiff must allege two elements: (1) that she was deprived of "rights, privileges or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987); *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Cornelius v. Town of Highland Lake, Ala.*, 880 F.2d 348, 352 (11th Cir.1989). An action pursuant to § 1983 will impose

liability only "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979); *Wideman*, 826 F.2d at 1032.

Here, Plaintiff has failed to allege any facts suggesting that she was deprived of any Constitutional right—and thus, she has failed to state a claim under § 1983. While doubtful Plaintiff will be able to allege a viable claim, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file another amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because continuing to pursue frivolous claims could lead to the imposition of sanctions.

### III.      Request for Appointment of Counsel

Unlike criminal defendants, a civil litigant has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel for a civil litigant is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *Id*.

Although there is no precise definition of what constitutes exceptional circumstances, courts have considered various factors including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in

large part of conflicting evidence and in cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The key to whether counsel should be appointed is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). "Where the facts and issues are simple, he or she usually will not need such help." *Id.*

Here, Plaintiff offers no argument as to why she is unable to handle the factual and legal requirements of her case, and thus far it does not appear that her claim is either complex or novel. The Court, therefore, concludes that this case does not involve any exceptional circumstances sufficient for this Court to exercise its discretion and appoint counsel.

Accordingly, Plaintiff's Motion (Doc. 9) to appoint counsel is due to be DENIED.

## IV.    Conclusion

 Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **October 1, 2021** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10(a).

Due to the Court's granting Plaintiff an opportunity to file an amended complaint, several of the motions she has filed are rendered moot at this time, including her motions for additional time, to add additional defendants, and for hearings. The Clerk is directed to terminate those motions (Docs. 4, 5, 6, 8, 9, 10 & 11) as rendered moot by this Order.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on August 18, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties